

2000 Market Street, Suite 1300
Philadelphia, PA 19103

T(215) 972-7900
F(215) 564-7699

December 23, 2024

**VIA ECF**
Hon. Ronnie Abrams
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

> Application granted. The parties shall appear for a telephonic conference on January 9, 2025 at 10:00 a.m. Call-in Number: (855) 244-8681; Meeting ID 2305 542 4735. Plaintiff shall file a response no later than January 3, 2025. Failure to timely do so may result in sanctions.
>
> SO ORDERED.
>
> Hon. Ronnie Abrams
> December 26 2024

Direct Dial: (267) 765-4123
Email: jwescoe@wglaw.com

      RE:    **Eric Thomas v. J.B. Hunt Transport, Inc. and Sean M. Hairston**
              **U.S. District Court for the Southern District of New York, No. 24-cv-4584**

Dear Judge Abrams:

      We represent defendants in the above-captioned matter. Pursuant to Your Honor's Individual Rules & Practices, we are writing to request an informal conference regarding the below outlined discovery dispute.

### I.    Relevant Background

      This matter has a tortured history of plaintiff's delay tactics. As set forth in detail in defendants' Federal Notice of Removal, defendants have been seeking plaintiff's full discovery responses since December 12, 2023 while the matter was in the Supreme Court of the State of New York, County of Bronx. *See* ECF 1, at ¶15.

      After several good faith attempts by defendants to obtain plaintiff's discovery responses, state court motion practice, a state court order requiring plaintiff's compliance, and more good faith attempts by defendants, plaintiff produced incredibly deficient responses without any production of documents on May 28, 2024. *See* ECF 1, at ¶¶16-25. On May 30, 2024, defendants wrote a letter to plaintiff advising of their intention to remove the lawsuit to this Court, and outlined in great detail each and every deficiency of plaintiff's discovery responses. *See* ECF 1, at ¶26.

### II.    Discovery Issues After Removal

      On August 27, 2024, after removing this matter to this Court, defendants served plaintiff with Interrogatories and Request for Production of Documents. No responses were received within the prescribed period. Defendants subsequently sent several communications to plaintiff requesting the overdue responses, including a formal 10-day letter dated October 2, 2024. On

October 15, 2024, defendants filed a letter to Your Honor requesting an informal conference regarding plaintiff's failure to produce responses. *See* ECF 10. On October 16, 2024, Your Honor scheduled a telephone conference on October 24, 2024 at 2:00 p.m. *See* ECF 11.

Plaintiff failed to appear at the conference and on October 24, 2024, Your Honor ordered plaintiff's counsel to submit a letter by October 25, 2024 advising the Court why he has failed to respond to discovery and why he failed to attend the conference. *See* ECF 12. Plaintiff filed the tardy letter on October 27, 2024 with his explanations and advised that plaintiff's discovery responses will be submitted within 5 days. *See* ECF 13. On October 28, 2024, Your Honor ordered plaintiff to submit a letter to the Court by November 1, 2024 advising that plaintiff has responded to defendants' interrogatories and discovery demands, and that failure to do so may result in sanctions pursuant to Federal Rule of Civil Procedure 16(f). *See* ECF 14. On November 1, 2024, plaintiff filed a letter to the Court advising that he has provided responses to the interrogatories and demands of defendants. *See* ECF 15.

On Friday, November 1, 2024 at 9:48 p.m., defendants received plaintiff's responses to Interrogatories, responses to Request for Production of Documents, and plaintiff's 1-page production of documents consisting of a single photograph. Plaintiff's November 1, 2024 discovery responses were nearly identical to plaintiff's deficient discovery responses produced by plaintiff in state court prior to removal on May 28, 2024.

### III. Ongoing Discovery Issues

On November 14, 2024, defendants wrote a letter to plaintiff's counsel to, once again, outline in great detail each and every deficiency contained in plaintiff's discovery responses. A copy of defendants' November 14, 2024 letter is attached hereto as Exhibit "A." On November 24, 2024, plaintiff's counsel cured many of the deficiencies but noted that he is "still working on securing the name and contact information of [plaintiff's] primary doctor and his tax documentation relating to any potential lost wages claim." A copy of counsel's email is attached hereto as Exhibit "B." On December 2, 2024, defendants confirmed to plaintiff's counsel that they need: (i) the name of plaintiff's primary care physician and an authorization for same, in response to Interrogatory 13; and (ii) tax records in response to Request for Production of Documents 4 and 5. A copy of counsel's email is attached hereto as Exhibit "B."

Receiving no response or supplemental production from plaintiff, on December 17, 2024 defendants requested that plaintiff produce the outstanding information and documents within ten days. A copy of defendants' email is attached hereto as Exhibit "B." On December 20, 2024, plaintiff's counsel responded that he is "having a tough time obtaining this from the client" and requested until January 6, 2025. A copy of plaintiff's email is attached hereto as Exhibit "B." While defendants are respectful of the fact that plaintiff may be busy during the Holidays, as noted above, defendants have been seeking this discovery from plaintiff since before the Holidays in 2023, over one year ago.

In light of the foregoing, defendants respectfully request that an informal conference be scheduled.

Thank you very much for Your Honor's attention to this matter.

                                       Very truly yours,

                                       /s/ James A. Wescoe

                                       James A. Wescoe

cc: Eitan Alexander Ogen (*via ECF*)

Case 1:24-cv-04584-RA    Document 23    Filed 12/26/24    Page 3 of 17

# EXHIBIT "A"



1500 Broadway #2401  
New York, NY 10036

T(929) 342-6000  
F(215) 564-7699

November 14, 2024

**VIA EMAIL**

Eitan Ogen, Esquire  
Ogen & Sedaghati, P.C.  
202 East 35th Street  
New York, NY 10016

Direct Dial: (267) 765-4123  
Email: jwescoe@wglaw.com

   **RE: Eric Thomas v. J.B. Hunt Transport, Inc. and Sean M. Hairston**  
     **U.S. District Court for the Southern District of New York, 1:24-cv-4584**  
     **Our File Number: 0204165**

Dear Mr. Ogen:

  As you know, on May 27, 2024, while this matter was still pending in the New York Supreme Court, Bronx County, plaintiff produced written discovery responses. On May 30, 2024, defendants wrote plaintiff a letter outlining the numerous deficiencies contained in said responses. Plaintiff failed to cure those deficiencies.

  On August 27, 2024, after removing this matter to federal court, defendants served plaintiff with Interrogatories and Request for Production of Documents. No responses were received within the prescribed period. Defendants subsequently sent several communications to plaintiff requesting the overdue responses, including a formal 10-day letter dated October 2, 2024. On October 15, 2024, defendants filed a letter to Judge Abrams requesting an informal conference regarding plaintiff's failure to produce responses. On November 1, 2024, you wrote a letter to Judge Abrams advising that plaintiff has provided responses to the interrogatories and demands of defendants.

  Defendants have reviewed plaintiff's responses to Interrogatories and Request for Production of Documents, and plaintiff's 1-page production of a photograph. Defendants have determined that plaintiff's discovery responses are nearly identical to plaintiff's discovery responses produced in state court on May 27, 2024. The purpose of this letter is to, once again, outline the specific deficiencies in plaintiff's responses.

  Please be advised that if plaintiff continues in his failure to cure the deficiencies outlined herein within 10 days, defendants will file a new letter motion to the Court requesting that an informal conference be scheduled with Judge Abrams.

For your ease of reference, the deficiencies are outlined below utilizing the same numbering from defendants' requests and plaintiff's responses. The discovery requests are written in **bold font**, plaintiff's deficient responses are written in red font, and defendants' explanation of the deficient nature of said responses is written in regular font.

I.     **Interrogatories**

**13.    State the name and address of your personal or family physician or physicians during the past ten (10) years, and briefly, the nature of any illness or injury for which you have been treated by such physician(s) during said time.**

Plaintiff's Response: Objected to as palpably improper to the extent Plaintiff did not treat with such a doctor for the subject accident.

Deficiency: Plaintiff's treatment with a personal, family, or primary care physician is relevant to the instant lawsuit. Plaintiff has alleged injuries to his left shoulder, right shoulder, lumbar spine, and cervical spine as a result of the October 22, 2022 accident. Defendants are entitled to seek and obtain medical records from plaintiff's personal, family, or primary care physician to determine whether plaintiff has sought treatment from said physicians before or after October 22, 2022. Defendants' ability to defend against plaintiff's claims will be severely prejudiced without said medical records/information. Defendants renew their demand that plaintiff identify the name and address of plaintiff's personal, family, or primary care physician for the previous ten (10) years and provide defendants with authorization(s) to obtain medical records from same.

**15.    Itemize in complete detail any and all monies expended or expenses incurred for hospitals, health care centers, physicians, nurses, x-rays, medications, care, and assistive devices as well as any and all other losses or expenses incurred not otherwise set forth, and state the name and address of each payee and the amount paid or owed each payee.**

Plaintiff's Response: To follow under separate cover.

Deficiency: Defendants have not received any information or documentation pertaining to this interrogatory "under separate cover." Defendants renew their demand that plaintiff respond to interrogatory 15.

II.    **Request for Production of Documents**

**1.    Reports, documents, correspondence, or other materials identified or relied upon in your Answers to Interrogatories propounded by defendants.**

Plaintiff's Response: Authorizations for Medical records previously exchanged, and subpoenas for same have been issued by Defendants.

Deficiency: Plaintiff's May 27, 2024 Verified Bill of Particulars and November 1, 2024 discovery responses referenced, in pertinent part, the following medical providers and information:

- 10/27/22 New York Presbyterian Emergency Room
- NY Med Brooklyn/NY Med Physical Therapy (198 visits and continuing)
- Dr. Friedman (Ortho, 2/1/23)
- Dr. Baum (Ortho, 3/4/24)
- Dr. Frison (Pain management, 7 visits between 4/28/23-1/3/24)
- Dr. Badeay (12/5/22)
- Dr. Katzman (right shoulder injection, 2/13/23)
- "Chiro" (9 visits between 12/13/22-1/17/23)
- "PT" (176 visits between 10/28/22-3/15/24)
- Injections to right shoulder on 2/5/22, 2/13/23, 5/5/23, and 11/16/23.
- Injections to lumbar spine on 2/13/22, 2/22/23, and 3/14/23.
- Diagnostic testing at Lenox Hill MRI, including cervical spine (1/6/23), lumbar spine (1/6/23), right shoulder (1/18/23), left shoulder (1/18/23).

Plaintiff's May 27, 2024 and November 1, 2024 discovery responses included the following signed authorizations:

- New York Presbyterian Hospital, 515 6th Street, Brooklyn, NY 11215
- NY Med Brooklyn/NY Med Physical Therapy, Dr. Trounina, Dr. Freidman, Dr. Baum, Dr. Frison, Dr. Badeay, 765 Nostrand Ave., Brooklyn, NY 11216
- Titan Pharmacy, 35-19 31st Ave., Queens, NY 11106
- Dr. Barry M. Katzman, MD., 233 Nostrand Ave., Brooklyn, NY 11205
- Lenox Hill Radiology, 1128 Eastern Pkwy., Brooklyn, NY 11213

Defendants' discovery requests included an authorizations demand for all medical records from the relevant medical providers for five years prior to the accident to the present date. Plaintiff's above-referenced authorizations that were produced failed to comply with defendants' demand. Instead of checking the box for "Entire Medical Record," plaintiff checked the box for "Other," and wrote "medical records, imaging, and bills." Further, plaintiff incorrectly limited the timeframe from "D/A 10/26/22 to present." Defendants renew their demand that plaintiff re-issue the authorizations for the "Entire Medical Record" for 5 years prior to the accident to the present date.

Defendants' demand for authorizations included a demand for an authorization directed to plaintiff's primary physician. Plaintiff's above-referenced authorizations that were produced do not appear to comply with defendants' demand. Defendants renew their demand that plaintiff issue the authorization to his primary physician for the "Entire Medical Record" for 5 years prior to the accident to the present date.

We note that there may be other authorizations missing as well. Plaintiff's Verified Bill of Particulars indicate that Dr. Katzman performed the 2/13/23 injection but does not clarify whether the remaining injections were performed at NY Med Brooklyn/NY Med Physical Therapy. To the extent that a different medical provider provided this or any other medical treatment, kindly provide those executed authorizations.

Further, as noted above, plaintiff's discovery responses indicated 9 "Chiro" visits and 176 "PT" visits. To the extent that a different medical provider provided this or any other medical treatment, kindly provide those executed authorizations.

Finally, plaintiff's responses to Interrogatories include specific references to plaintiff's alleged medical diagnoses, plaintiff's treatment, the dates of said treatment, and the number of visits with each medical provider. Therefore, defendants presume that plaintiff is in possession of these relevant medical records. Instead of continuing to delay defendants' ability to properly evaluate plaintiff's alleged damages, defendants demand that plaintiff also produce the medical records in his possession, which production is required to this request 1 and many other requests herein, in addition to the executed authorizations outlined above.

**4.     Federal income tax returns and all attachments thereto for the calendar years January 1, 2016 to the present.**

Plaintiff's Response: Wage documentation including relevant tax documentation to be provided under separate cover.

Deficiency: Defendants have not received any information or documentation pertaining to this request "under separate cover." Defendants renew their demand that plaintiff respond to request 4.

**5.     State income tax returns and all attachments thereto for the calendar years January 1, 2016 to the present.**

Plaintiff's Response: Wage documentation including relevant tax documentation to be provided under separate cover.

Deficiency: Defendants have not received any information or documentation pertaining to this request "under separate cover." Defendants renew their demand that plaintiff respond to request 5.

**7.     Reports and records of any doctors, nurses, and other medical providers who examined or treated you for any injuries or conditions affecting the parts of the body allegedly injured in the accident and/or involving any other injury or condition medically capable of causing any degree of permanent or partial impairment of a bodily function. (Authorization attached.)**

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

**8.     Reports and records of any hospitals or medical facilities relating to examinations and/or treatment of you for any causes or conditions whatsoever. (Authorization attached.)**

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

9. X-ray, MRI, CT scans, diagnostic films, studies and/or tests taken at any time which involve and/or show any of the parts of the body alleged to have been injured in the Complaint and/or the accident or, in the alternative, consent forms executed by plaintiff which will permit a representative of defendant to access such films, studies and/or reports and any accompanying reports for the purpose of having them reviewed by medical examiners acting on behalf of defendant. (Authorization attached.)

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

10. Records, reports, documents, correspondence, test results, prescriptions, orders, and bills of doctors, nurses, and other medical providers who have provided you with any treatment in connection with injuries allegedly sustained in the accident.

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

11. Records, reports, documents, correspondence, test results, prescriptions, orders, and bills of all hospitals or other medical providers where you received treatment in connection with the injuries allegedly sustained in the accident.

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

12. Reports, documents, or correspondence relating to your claims for damages.

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

15. Official documents or reports completed or issued in connection with your employment, the accident and/or your injuries resulting therefrom, copies of which have been obtained by you or your representatives or, in the alternative, consent forms executed by you directed to the organizations or agencies which issued such documents or reports in order to enable defendant to obtain copies thereof. (Authorization attached.)

Plaintiff's Response: Authorization previously provided.

Deficiency: In his responses to Interrogatories, Plaintiff identified "Lyft / New York Black Car Operators" as his employer. Plaintiff also identified Black Car Fund claim number (22002852) and a workers' compensation number (G3452962). Contrary to Plaintiff's response that an "Authorization [was] previously provided" regarding this employment, plaintiff has produced no such authorization. Defendants renew their demand that plaintiff respond to request 15 and provide authorizations directed to the above-named entities.

**22.    Documents from any source, other than privileged material, which refer to, relate to, discuss and/or describe the accident or the alleged injuries.**

Plaintiff's Response: Authorizations for medical records previously provided.

Deficiency: See deficiencies outlined above regarding plaintiff's response to request 1.

Defendants reiterate that if plaintiff continues in his failure to cure the deficiencies outlined herein within 10 days, defendants will file a new letter motion to the Court requesting that a second informal conference be scheduled with Judge Abrams regarding these discovery issues.

Thank you for your attention to this matter.

                                    Very truly yours,

                                    /s/ James A. Wescoe

                                    James A. Wescoe

# EXHIBIT "B"

| | |
|---|---|
| **From:** | Eitan Ogen |
| **To:** | Marco Di Prato |
| **Cc:** | James A. Wescoe |
| **Subject:** | Re: 0204165 : Eric Thomas v. Sean Hairston and JB Hunt Transport, Inc. : 22098718 : |
| **Date:** | Friday, December 20, 2024 8:21:39 PM |

**EXTERNAL EMAIL**



Hi Marco,

I have been having a tough time obtaining this from the client. I am also going away tomorrow until January 2, 2025. I would request until 1/6/2025 to respond. I will keep trying with the client meanwhile. Also, I reviewed the responses you provided and there were some deficiencies, which I will also outline upon my return. Thank you in advance for your anticipated courtesy. Happy Holidays and Happy New Year.

Eitan Ogen, Esq.

On Tue, Dec 17, 2024 at 10:24 AM Marco Di Prato <mdiprato@wglaw.com> wrote:

> Good morning, Eitan,
>
> Based on your November 24, 2024 email, and my below response from December 2, 2024, we are still waiting for the following:
>
> 1. Name and contact information for plaintiff's primary care physician, and an executed authorization for same (in response to interrogatory 13); and
> 2. Tax records (in response to request for production 4-5).
>
> Kindly produce the requested records within 10 days, or by Friday, December 27, 2024. We need to obtain all relevant records so that we can schedule plaintiff's deposition and schedule his examination with an expert. Even though the judge extended our discovery deadline to February 28, 2025, we do not have a lot of time to serve the PCP authorization and obtain all relevant records.
>
> Thanks,
>
> Marco

**Marco Di Prato, Partner**

Weber Gallagher

2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: 215.717.0127 F: 215.564.7699
mdiprato@wglaw.com, www.wglaw.com

Confidentiality Note: The information contained in this electronic message may contain attorney-client privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient of this email message you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the sender by return email; and by telephone at 215.717.0127.

Weber Gallagher Simpson Stapleton Fires & Newby LLP

---

**From:** Marco Di Prato
**Sent:** Monday, December 2, 2024 8:02 AM
**To:** Eitan Ogen <eitanogenesqny@gmail.com>
**Cc:** James A. Wescoe <jwescoe@wglaw.com>
**Subject:** RE: 0204165 : Eric Thomas v. Sean Hairston and JB Hunt Transport, Inc. : 22098718 :

Good morning, Eitan,

Thank you for the responses. To confirm:

- Interrogatory 13: it looks like we are good to go here once we obtain the name of the primary care physician and obtain an authorization for same. Please let us know when we can expect this.

- Interrogatory 15: thank you for the WC ledger.

- RPD 1, 7-22: thank you for the medical records in your possession, and for the revised authorizations.

- RPD 4-5: you noted that you are in the process of gathering the tax documents. Please let us know when we can expect this.

Regarding your question, we received plaintiff's interrogatories and RPD directed to defendant with your November 1 production. We expect to finalize responses shortly.

In light of the foregoing outstanding discovery issues, please advise if you will consent to us requesting an extension of the deadlines in this matter.

Thanks,

Marco

**Marco Di Prato, Partner**

Weber Gallagher

2000 Market Street, Suite 1300
Philadelphia, PA 19103
T: 215.717.0127 F: 215.564.7699
mdiprato@wglaw.com, www.wglaw.com

Confidentiality Note: The information contained in this electronic message may contain attorney-client privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient of this email message you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the sender by return email; and by telephone at 215.717.0127.

Weber Gallagher Simpson Stapleton Fires & Newby LLP

**From:** Eitan Ogen <eitanogenesqny@gmail.com>
**Sent:** Sunday, November 24, 2024 10:27 PM
**To:** Margaret Lichorobiec <mlichorobiec@wglaw.com>
**Cc:** James A. Wescoe <jwescoe@wglaw.com>; Marco Di Prato <mdiprato@wglaw.com>; Corrinne Bender <cbender@wglaw.com>
**Subject:** Re: 0204165 : Eric Thomas v. Sean Hairston and JB Hunt Transport, Inc. : 22098718 :

**EXTERNAL EMAIL**

Hello,

Please see attached responses (in blue text) to your further demands. Also attached a Workers' Compensation Ledger, medical records, and revised authorizations.  Please note that we are still working on securing the name and contact information of his primary doctor and his tax documentation relating to any potential lost wages claim.

Please also advise when I can expect responses to my Interrogatories and Document Demands.

Thank you.

Eitan Ogen, Esq.

On Thu, Nov 14, 2024 at 3:57 PM Margaret Lichorobiec <mlichorobiec@wglaw.com> wrote:

> Attached is correspondence from Attorney James A. Wescoe in the above referenced matter.
>
> Thank you
>
> Margie
>
> **Margaret Lichorobiec, PA Litigation Practice Assistant**
>
> Weber Gallagher
>
> 2000 Market Street, Suite 1300
> Philadelphia, PA 19103
> T: 215.825.2648 F: 215.564.7699
> mlichorobiec@wglaw.com, www.wglaw.com
>
> Confidentiality Note: The information contained in this electronic message may contain attorney-client privileged and confidential information intended only for the use of the owner of the email address listed as the recipient of this message. If you are not the intended recipient of this email message you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please notify the sender by return email; and

by telephone at 215.825.2648.

Weber Gallagher Simpson Stapleton Fires & Newby LLP